IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRAD STAPP, §
§
    Plaintiff, §
§
v. §
§ CIVIL ACTION NO. H-18-1502
STEADFAST INVESTMENT §
PROPERTIES, INC. d/b/a §
STEADFAST COMPANIES, §
§
    Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Brad Stapp ("Stapp" or "Plaintiff"), brought this action against defendant, Steadfast Investment Properties, Inc. d/b/a Steadfast Companies ("Defendant").¹ Pending before the court is Defendant Steadfast Investment Properties, Inc. d/b/a Steadfast Companies' Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss for Forum Non Conveniens, and, Subject Thereto, Original Answer ("Motion to Dismiss") (Docket Entry No. 6). For the reasons stated below, the Motion to Dismiss will be granted.

Before filing this action Stapp sued Steadfast Investment Properties, Inc., Steadfast Companies, Inc., and Steadfast Capital Markets Group, LLC ("Steadfast Capital Markets") in a Texas state

---

¹See Plaintiff Brad Stapp's Original Complaint ("Complaint"), Docket Entry No. 2.

court for negligence, gross negligence, and premises liability arising out of injuries he suffered on December 6, 2016, in Mexico.[2] Steadfast Investment Properties, Inc. and Steadfast Capital Markets filed a special appearance seeking to dismiss the case for lack of personal jurisdiction.[3] On January 8, 2018, the Texas court granted the special appearances of Steadfast Investment Properties, Inc. and Steadfast Capital Markets.[4] The Texas court ordered that "Plaintiff's claims against Defendants Steadfast Investment Properties, Inc.'s and Steadfast Capital Markets Group, LLC are hereby dismissed for want of jurisdiction."[5] (Stapp later filed a Non-Suit Without Prejudice as to Steadfast Companies, Inc.[6]) Stapp did not appeal the state court dismissal of his claims against Steadfast Investment Properties, Inc. Instead, Stapp filed the pending action in this court based on his

---

[2] See Plaintiff's Original Petition ("Original Petition"), Exhibit 6 to Motion to Dismiss, Docket Entry No. 6-6, pp. 4-6.

[3] See Defendants Steadfast Investment Properties, Inc.'s and Steadfast Capital Markets Group, LLC's Special Appearance, Motion to Dismiss for Forum Non Conveniens, and, Subject Thereto, Original Answer ("Special Appearance"), Exhibit 2 to Motion to Dismiss, Docket Entry No. 6-2.

[4] Order Granting Defendants Steadfast Investment Properties, Inc.'s and Steadfast Capital Markets Group, LLC's Special Appearance, Exhibit 1 to Motion to Dismiss, Docket Entry No. 6-1, p. 2.

[5] Id.

[6] Order on Plaintiff's Non-Suit Without Prejudice, Exhibit 7 to Motion to Dismiss, Docket Entry No. 6-7.

December 6, 2016, injuries in Mexico and alleging the same causes of action he alleged in his Original Petition in state court.[7]

Steadfast Investment Properties, Inc. argues that because the Texas state court dismissed Stapp's claims against it for lack of personal jurisdiction, collateral estoppel bars Stapp's claims in this court.[8] In the alternative, Steadfast Investment Properties, Inc. argues that the court lacks personal jurisdiction over it on the merits, and moves to dismiss for improper venue and forum non conveniens.[9] In his Response Stapp does not address Steadfast Investment Properties, Inc.'s collateral estoppel arguments.[10]

"A court sitting in diversity 'may exercise personal jurisdiction only to the extent permitted a state court under applicable state law.'" Dontos v. Vendomation NZ Limited, 582 F. App'x 338, 342 (5th Cir. 2014) (quoting Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), cert. denied, 118 S. Ct. 691 (1998)). "In Texas, collateral estoppel precludes the relitigation of any ultimate issue actually litigated and essential to the judgment in the prior suit." Deckert v. Wachovia Student

---

[7]See Complaint, Docket Entry No. 2, pp. 1-6.

[8]Motion to Dismiss, Docket Entry No. 6, p. 4.

[9]Id. at 4-6.

[10]See Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, and Motion to Dismiss for Forum Non Conveniens ("Plaintiff's Response"), Docket Entry No. 9.

Financial Services, Inc., 963 F.2d 816, 819 (5th Cir. 1992) (citing Suber v. Ohio Medical Products, 811 S.W.2d 646, 652 (Tex. App. — Houston [14th Dist.] 1991, writ requested)).

The undisputed evidence shows that the parties actually litigated the question of personal jurisdiction in state court. See Deckert, 963 F.2d at 819 (concluding that because the defendant "made a special appearance in the lawsuit, questioning its amenability to the jurisdiction of the Texas courts[,] [t]he parties . . . actually litigated the question of personal jurisdiction . . . ."). Because the Texas court held that it did not have personal jurisdiction over Steadfast Investment Properties, Inc., Stapp "cannot now seek to relitigate in federal court the personal jurisdiction issue which was the basis of the state court's order of dismissal." Id. Steadfast Investment Properties, Inc.'s Motion to Dismiss (Docket Entry No. 6) is therefore **GRANTED**, and this action will be dismissed without prejudice for lack of personal jurisdiction.

**SIGNED** at Houston, Texas, on this 28th day of August, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE